FILED IN CHAMBERS
U.S.D.C. Rome

JUL 3 0 2007

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM NATHAN SHEPPARD,

        Plaintiff,

    v.

JERRY JODICE, et al.,

        Defendants.

CIVIL ACTION

NO. 1:06-CV-2823-RLV

O R D E R

In this action for copyright infringement, conversion and theft, breach of contract, invasion of the plaintiff's right to publicity, unfair competition and deceptive trade practices, and tortious interference with business relations, Jerry Jodice and Kyle Jodice have filed motions to dismiss [Doc. Nos. 14 and 19].[1]

---

[1] The motions were filed as part of the answers filed by these defendants in contravention of Rule 12(b), Federal Rules of Civil Procedure, which expressly provides that such motions are to be filed prior to the filing of an answer. However, in deference to the pro se status of these defendants, the court will consider the merits of the motions. The court also notes that the motion to dismiss filed on June 12, 2007 [Doc. No. 14], purported to be on behalf of both Jerry Jodice and Kyle Jodice but was signed only by Jerry Jodice. Since Jerry Jodice is not an attorney, he could not file that pleading on behalf of Kyle Jodice. Kyle Jodice later filed an answer and motion to dismiss on June 25, 2007 [Doc. No. 19].

In their motions to dismiss, the defendants contend that they are officers of Lost Cat Records and Publishing, Inc., and thus are "immune to the count of Piercing Corporate Veil/Alter Ego as alleged by Plaintiff."   This part of their motion is apparently address to Count Seven of the original complaint, which included a count for "Piercing the Corporate Veil/Alter Ego.  Since such count is not included in the Amended Complaint, this part of the motion is DISMISSED as moot.

In its April 24, 2007, order requiring the plaintiff to file an amended and recast complaint, the court stated, "The complaint also has a separate count for "Piercing Corporate Veil/Alter Ego," even though this court is unaware of any federal or state cause of action for such a claim."   In response to this statement, counsel for the plaintiff, in his response to the defendants' motions to dismiss, provides the following *non seqitur*: "Moreover, despite the Court's observation that it is not aware of any cause of action for piercing the corporate veil/alter ego, such a doctrine does exist." The court is very familiar with the *doctrine* of piercing the corporate veil/alter ego, since such *doctrine* is well established in both federal and state law.  What the court questioned was the

assertion of this *doctrine* as a separate cause of action.[2]   The alter ego *doctrine*, like respondeat superior or agency, is a means by which a person may be held liable for the actions of another. It does not, however, provide a cause of action in and of itself for the award of damages.

To the extent that the defendants may be arguing in their motions that the doctrine of piercing the corporate veil/alter ego may not be applicable in this case, such argument is without merit, since the factual allegations of the plaintiff's complaint, which the court accepts as true for purposes of the motions to dismiss, *see* Williams v. Mohawk Industries, Inc., 465 F.3d 1277 (11th Cir. 2006), are sufficient to allow application of the doctrine.

Next, the defendants argue that the plaintiff is a resident of Chicago, Illinois, and is "not within the jurisdiction of this court." The defendants misunderstand personal jurisdiction.   In filing this action, the plaintiff has subjected himself to the jurisdiction of the court.  This argument is without merit.

---

[2] Indeed, the plaintiff's counsel appears to recognize this later in his brief when he says, "While this doctrine may not be a legal cause of action in the strictest sense, Plaintiff's well-plead [*sic*] and detailed Complaint certainly states a claim for application of this alter ego doctrine in the present case." There is a difference between "stating a claim" for purposes of Rule 12, Federal Rules of Civil Procedure" and "applying" a doctrine.

The defendants contend that the amended and recast complaint was not served on them within the time prescribed by this court's April 24 order.  In reviewing the certificates of service filed by the plaintiff, this court concludes that service was timely.  (The fact that a defendant may not have claimed a certified letter within the time prescribed by the court is irrelevant.)

The defendants also argue that the amended and recast complaint still constitutes a shotgun pleading, in violation of this court's April 24 order.  The court has reviewed the amended and recast complaint and finds that it now comports with Byrne v. Nezhat, 261 F.3d 1073 (11th Cir. 2001), and  Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, (11th Cir. 2002).[3]

---

[3] In discussing how he attempted to comply with this court's April 24 order, counsel for the plaintiff stated, "In addition, Plaintiff removed paragraphs whereby factual allegations and legal theories were re-incorporated by reference over and over. Unfortunately, this style of pleading is commonplace in the state court system"  Although such practice may be "commonplace," it is still improper, both in the federal system and the state system. Attorneys may properly incorporate factual allegations, which are generally made in introductory paragraphs, into later counts.  It is the habit of blindly incorporating all preceding paragraphs and counts into succeeding paragraphs and counts that is improper.  The court is appreciative of the fact that counsel for the plaintiff has assured the court that he "will certainly refrain from such pleading in the future."

4

For all the foregoing reasons, the defendants' motions to dismiss [Doc. Nos. 14 and 19] are DENIED.

SO ORDERED, this _30th_ day of July, 2007.

ROBERT L. VINING, JR.
Senior United States District Judge